UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BRIAN OREGLIA AND DIANA COOK,<br>Plaintiffs,<br>v.<br>COUNTY OF PLACER, et. al,<br>Defendants. | No. 2:25-cv-00959-JAM-CKD<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE** |

This matter is before the Court on two motions to dismiss from Defendants County of Placer, Wayne Woo, and Andrew Sanchez ("County Defendants") and Defendants California Forensic Medical Group ("CFMG") and Diana McGinnis (collectively "Defendants"), and is fully briefed. See ECF Nos. ECF No. 42-1, County Defendants' Memorandum of Points and Authorities ("County Mot."); ECF No. 42-1, CFMG and McGinnis' Memorandum of Points and Authorities ("CFMG Mot."); ECF No. 45, Plaintiffs' Opposition to County Defendants' Motion to Dismiss ("Opp'n to County Mot."); ECF No. 45, Plaintiffs' Opposition to CFMG and McGinnis' Motion to Dismiss ("Opp'n to CFMG Mot."); ECF 49, County Defendants' Reply in Support of their Motion to Dismiss ("County Reply"); ECF 48, CFMG and McGinnis' Reply in Support of their Motion to Dismiss ("CFMG Reply").

Plaintiff Christopher Oreglia and his mother, Plaintiff Diana Cook, initiated this action in March 2025. ECF No. 1. After seeking leave to have an extended time to serve Defendants and to amend the original complaint, Plaintiffs filed a First Amended Complaint in September 2025, then a request for voluntary dismissal of a number of named defendants the same day. See ECF Nos. 4-8. Defendants then moved to dismiss all of Plaintiffs' claims; after the matter was fully briefed and the Court held a hearing, Defendants' Motions to Dismiss Plaintiffs' Amended Complaint were granted with leave to amend in their entirety. See ECF Nos. 20, 24, 25, 28, 29, 33, 34, 36.

As with Plaintiffs' First Amended Complaint, Defendants now move to dismiss Plaintiffs' Second Amended Complaint arguing it is a shotgun pleading, otherwise fails to state a claim against any of the entity and individual defendants, and Plaintiff Diana Cook lacks standing, warranting dismissal with prejudice. See County Mot.; CFMG Mot. For the reasons detailed below, the Court agrees.[1]

The Second Amended Complaint asserts one cause of action for "Cruel and Unusual Punishment[] Medical Indifference," a Fourteenth Amendment Claim under 42 U.S.C. § 1983 against Defendants, stemming from alleged inadequate medical care Plaintiff Oreglia received while held as a pre-trial detainee in two Placer County jails. See ECF 37, Second Amended Complaint ("SAC"); County Mot.; CFMG Mot. As Defendants observe, "[a]lthough Plaintiffs' SAC itself is only 19 pages, Plaintiffs

[1] This motion was determined to be suitable for decision without oral argument. See E.D. Cal. L.R. 230(g); ECF No. 50.

attach and incorporate approximately 211 pages of exhibits." E.g., CFMG Mot. at 12-13. The basis for Plaintiff Cook's inclusion in the SAC appears to be her "alleged payment of some of [Plaintiff] Oreglia's medical costs . . . ." Id. at 14; see also SAC ¶ 51 (averring "Plaintiff [] Oreglia has suffered past and future medical/psychological treatment damages some of which have been forwarded by Plaintiff [] Cook . . . ."). In ruling on the Motions to Dismiss, the Court starts with Defendants' Rule 8 arguments, before turning to standing and the other grounds for Defendants' motions, below.

A Rule 12(b)(6) motion challenges the sufficiency of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The court assumes all factual allegations are true and "construe[s] them in the light most favorable to the nonmoving party." Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995) (citing Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994)). That said, if the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations

omitted). However, this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. Iqbal, 556 U.S. at 678. In the same vein, conclusory or "formulaic recitation[s] of the elements" do not alone suffice. Id. (internal quotations and citations removed). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Defendants move to dismiss the SAC in its entirety because it is a "shotgun pleading," noting Plaintiffs' sole cause of action is asserted "against multiple entities and individual defendants, yet the allegations [in the SAC] fail to specify which defendant's individual conduct is linked to the Section 1983 cause of action . . . . As a result, [] Defendants cannot discern the specific conduct alleged against them or the factual basis underlying Plaintiffs' claim." County Mot. at 13-14; accord CFMG Mot. at 11-13 ("Plaintiffs assert claims against CFMG, Placer County, Placer County Sheriff's Office, and other individual defendants, yet repeatedly lump these distinct defendants together and allege misconduct collectively, without differentiating their respective roles or responsibilities."). Gibson v. City of Portland, 165 F.4th 1265 (9th Cir. 2026), and the other cases cited by Defendants, support the dismissal of Plaintiffs' SAC on this basis. As the Ninth Circuit explained, "[s]hotgun pleading[s] undermine[] a fundamental purpose of Rule 8, which is to provide defendants with adequate notice of the plaintiff's claims, including the facts and the legal basis for

relief. [] And accepting such a pleading is inconsistent with Rule 1's dictate that the Federal Rules should 'promote the just, speedy, and inexpensive determination of every action and proceeding.' [] It is not just, speedy, or inexpensive to force opposing parties and courts to separate the wheat from the chaff in a complaint." Gibson, 165 F.4th at 1290. Indeed, "[a] complaint may be deficient because it does not provide sufficient facts to support a cause of action; on the other hand, even 'well-pleaded facts' are not sufficient if they are accompanied by only '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'[] The goal here is to provide 'sufficient notice' so the parties and the court can "focus litigation on the merits of a claim.'" Id. at 1287-88 (internal and other citations omitted).

The Court agrees with Defendants that the SAC's "vague and conclusory allegations fail to provide Defendants with fair notice of the claims asserted against them or the factual basis for these claims, rendering it impossible for them to adequately respond." CFMG Mot. at 12; accord Gibson, 165 F.4th at 1287-88. Dismissal is further justified by Plaintiffs' failure to provide a meaningful response to Defendants' motions on this ground. Plaintiffs do not respond directly to Defendants' arguments regarding their SAC being a shotgun pleading, but instead generally argue the SAC is sufficient, pointing to the 211 pages of attachments and contending CFMG is liable because they contract with the County. See Opp'n to County Mot.; Opp'n to CFMG Mot.; CFMG Reply at 2-3. Accordingly, Plaintiff's SAC is dismissed.

The Court also acknowledges Plaintiff Cook's claims may be dismissed in their entirety because she lacks standing; the argument and cases in Defendants' motions support this finding, as does the Court's previous ruling on this same issue, and Plaintiffs' lack of opposition. See, e.g., County Mot. at 14-15; ECF No. 36; CFMG Reply at 5. Similarly, Defendants' motion regarding Plaintiffs' failure to adequately plead a *Monell* claim against the County and CFMG, and plead sufficient factual allegations against the other individual defendants to maintain a claim, are meritorious and separately support dismissal of Plaintiffs' SAC in its entirety. Id. The cases cited in Plaintiffs' Opposition are inapposite for the reasons detailed in Defendants' Reply, and do not save the SAC, which is wholly deficient. See, e.g., CFMG Reply at 3-5; see also Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Gillette v. Delmore, 979 F.2d 1342 (9th Cir. 1992); City of Oklahoma v. Tuttle, 471 U.S. 808 (1985).

In granting Defendants' Motions to Dismiss, the Court must also decide whether to grant leave to amend. See Fed. R. Civ. P. 15. Leave to amend should be given freely where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Dismissal without leave to amend is proper only if "'the complaint could not be saved by any amendment.'" Intri-Plex Techs., Inc. v. Crest Grp., Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (quoting In

re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005)). The SAC is replete with vague, conclusory, sweeping allegations against Defendants, while at the same time lacking specific factual detail to substantiate the serious claim Plaintiffs have attempted to advance in this lawsuit. The Court finds that allowing amendment would be futile, especially since Plaintiffs have now had three chances to properly plead a sufficient complaint but have failed each time. Accordingly, Defendants' Motions to Dismiss are granted with prejudice.

ORDER

For the reasons set forth above, Defendants County of Placer, Wayne Woo, and Andrew Sanchez and Defendants California Forensic Medical Group and Diana McGinnis' Motions to Dismiss are GRANTED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: October 19, 2026

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE